**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1378-20

JIMMY SEESE and
MIRAN SEESE,

      Plaintiffs-Appellants,

v.

JOHN LOGRASSO, a/k/a
GIOVANNI LOGRASSO,
individually and doing business
as LG4 GROUP, LG4 GROUP,
Inc., MUNAFO DESIGN, LLC,
and JACOB SOLOMON RA, AIA,

      Defendants-Respondents.

_____

Submitted November 1, 2021 – Decided December 22, 2021

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3529-20.

Graziano & Campi, LLC, attorneys for appellants (Ryan Patrick Campi, on the briefs).

Archer & Greiner, PC, attorneys for respondents John LoGrasso and LG4 Group, Inc. (Michael J. Lauricella and Trevor A. Prince, Jr., of counsel and on the brief).

PER CURIAM

Plaintiffs Jimmy Seese and Miran Seese appeal the motion judge's order granting defendants John LoGrasso a/k/a Giovanni LoGrasso and LG4 Group Inc.'s motion to compel arbitration and dismissing plaintiffs' complaint. Plaintiffs alleged defendants committed fraud and were negligent in fulfilling the terms of the parties' written agreement in which defendants were hired to demolish plaintiffs' old house and construct them a new house. We reverse because the agreement failed to put plaintiffs on notice, as required by Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430 (2014), that they were waiving their right to resolve their disputes in the trial court in favor of arbitration.

"The Federal Arbitration Act (FAA), 9 [U.S.C.] §§ 1-16, and the nearly identical New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 to -32, enunciate federal and state policies favoring arbitration." Atalese, 219 N.J. at 440 (citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)). Under the FAA, arbitration is a creature of contract. 9 U.S.C. § 2; Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 67 (2010); see also Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 187 (2013) (explaining that under New Jersey law, arbitration is

also a creature of contract).  "[T]he FAA 'permits states to regulate . . . arbitration agreements under general contract principles,' and a court may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of any contract.'"  Atalese, 219 N.J. at 441 (quoting Martindale v. Sandvik, Inc., 173 N.J. 76, 85 (2002)).

Appellate courts "apply a de novo standard of review when determining the enforceability of contracts, including arbitration agreements."  Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch, 215 N.J. at 186).  "The enforceability of arbitration provisions is a question of law . . . ."  Ibid. (citing Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016)).  No deference is owed to a trial court's "interpretative analysis."  Morgan, 225 N.J. at 303 (citing Atalese, 219 N.J. at 445-46).  Despite reviewing orders compelling or denying arbitration with the "mind[set] of the strong preference to enforce arbitration agreements," Hirsch, 215 N.J. at 186, the policy favoring arbitration is "not without limits[,]" Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001).

It is unequivocal that "a party cannot be required to submit to arbitration any dispute which [she or] he has not agreed so to submit."  Angrisani v. Fin. Tech. Ventures, L.P., 402 N.J. Super. 138, 148 (App. Div. 2008) (citing AT&T

Techs. v. Commc'n Workers of Am., 475 U.S. 643, 648 (1986)); Grover & Universal Underwriters Ins. Co., 80 N.J. 221, 228 (1979) ("In the absence of a consensual understanding, neither party is entitled to force the other to arbitrate their dispute."). "An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'" Atalese, 219 N.J. at 442 (quoting NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)). "A contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (citations omitted). Where parties agree on essential terms and manifest some intention to be bound by those terms, an enforceable contract is created. Ibid. Hence, a court must determine whether a valid agreement to arbitrate exists before it can decide whether the dispute in question falls within the scope of the agreement. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985); Martindale, 173 N.J. at 92.

To be enforceable, an arbitration agreement must be clear in stating that the parties are agreeing to arbitrate and give up the right to pursue a claim in court. In that regard, the Atalese Court explained:

Mutual assent requires that the parties have an understanding of the terms to which they have agreed. "An effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights." "By its very nature, an agreement to arbitrate involves a waiver of a party's right to have her claims and defenses litigated in court." But an average member of the public may not know—without some explanatory comment—that arbitration is a substitute for the right to have one's claim adjudicated in a court of law.

. . . .

No particular form of words is necessary to accomplish a clear and unambiguous waiver of rights. . . . Arbitration clauses—and other contractual clauses—will pass muster when phrased in plain language that is understandable to the reasonable [person].

[219 N.J. at 442, 444 (citations omitted).]

In holding the parties did not enter into an enforceable agreement to arbitrate, the Court observed:

Nowhere in the arbitration clause is there any explanation that plaintiff is waiving her right to seek relief in court for a breach of her statutory rights. . . . The provision does not explain what arbitration is, nor does it indicate how arbitration is different from a proceeding in a court of law. Nor is it written in plain language that would be clear and understandable to the average consumer that she is waiving statutory rights. The clause here has none of the language our courts have found satisfactory in upholding arbitration provisions—clear and unambiguous language that the

5

plaintiff is waiving her right to sue or go to court to secure relief.

[Id. at 446.]

Moreover, because the parties' agreement is a consumer contract under N.J.S.A. 56:12-1—defendants provided demolition and construction services to plaintiffs—it must "be written in a simple, clear, understandable and easily readable way." N.J.S.A. 56:12-2. In considering whether an agreement includes a waiver of a party's right to pursue a case in a judicial forum, "clarity is required." Moore v. Woman to Woman Obstetrics & Gynecology, L.L.C., 416 N.J. Super. 30, 37 (App. Div. 2010). "For any waiver-of-rights provision to be effective, the party who gives up rights must 'have full knowledge of his legal rights and intent to surrender those rights.'" Skuse v. Pfizer, Inc., 244 N.J. 30, 48 (2020) (quoting Knorr v. Smeal, 178 N.J. 169, 177 (2003)). That is, the waiver "must be clearly and unmistakably established," Garfinkel, 168 N.J. at 132, and "should clearly state its purpose." Marchak v. Claridge Commons, 134 N.J. 275, 282 (1993).

Guided by these standards, we agree with plaintiffs that the parties did not enter into an enforceable agreement to arbitrate. There was no meeting of the minds to arbitrate their disputes arising from their agreement because the

6

arbitration clause was not clearly and plainly written to make them aware that they were surrendering their rights to pursue claims in court.

In her oral decision, the motion judge reasoned:

> [I]t's clear that . . . all disputes would be [resolved] by arbitration[,] and I don't think that the reference to court and court-appointed mediator or the court reporter is sufficient to create confusion and, yes, I think that it is sufficient.

The judge, however, failed to consider the clear declaration in Atalese that an arbitration clause must put plaintiffs on notice that they were waiving their right to trial to resolve disputes.

The arbitration clause reads:

> All disputes here under including but not limited to disputes over progress payments and the nature of the work performed at the subject construction site shall be submitted to binding arbitration in Bergen County, New Jersey.  The court appointed commercial arbitrator shall be selected to hear all disputes arising hereunder and the parties shall each pay one-half (1/2) of the arbitrator's hourly fees and court reporting and transcript fees in connection with the binding arbitration.  The court appointed arbitrator shall apply the Rules of Merit and Arbitration Associations in an effort in effect at the time the arbitration is selected and all parties shall be bound by the arbitrator's decision/award.

This clause presents the same deficiencies the Court addressed in Atalese. It does not include any language explaining what arbitration is and how it serves

A-1378-20

as a replacement for judicial relief. It does not convey to the average consumer that he or she is waiving a constitutional right to seek relief in a court of law. While the clause does state arbitration would be final and binding, there is nothing in the record that plaintiffs knew or should have known the arbitration clause was a waiver of their right to trial. In fact, the clause is susceptible to the notion that arbitration was a form of trial in court because of its use of the term "the court appointed arbitrator," thus leading a layperson to think the arbitrator is a component of the court.

Plaintiffs did not consult an attorney to review the agreement. We reject defendants' contention that plaintiffs, particularly Jimmy Sesse, a podiatrist, were "sophisticated parties" because they made numerous notations and initialed changes to the agreement during their negotiations prior to finalizing their agreement. This did not establish plaintiffs were made aware defendants intended that their disputes could not be resolved in court. Their purported sophistication based on being detail-oriented in the construction of their new home does not equate to the skills and insights of an attorney.

The arbitration clause is unlike the one in Roman v. Bergen Logistics, LLC, that we found to be enforceable because it "informed plaintiff that the exclusive forum for resolution of her claims was arbitration, she was prohibited

from filing any other lawsuits or legal proceedings and she waived her right to a trial by jury." 456 N.J. Super. 157, 172 (App. Div. 2018). The arbitration clause in Roman stated the parties agreed not to "file or maintain any lawsuit, action or legal proceeding of any nature with respect to any dispute" and that "by signing this agreement [the parties] are waiving any right, statutory or otherwise, to a trial by jury." Id. at 162-63 (emphasis omitted).

In reaching our conclusion that there is no enforceable arbitration clause, we are fully aware that arbitration is a "particularly useful means for resolving construction-contract cases" because "[i]n technical areas such as home building . . . arbitrators often bring expertise that can facilitate a fair and efficient resolution of a dispute." Marchak 134 N.J. at 281. Defendants failed to clearly spell out in their agreement with plaintiffs that arbitration was the only mechanism to resolve disputes arising from the demolition and construction project.

Lastly, we reject defendants' argument that if we reverse the trial judge's order, we should do so without prejudice and follow the Fed. R. Civ. P. 56 standard of limited discovery. Defendants' reliance on Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 776 (3d Cir. 2013) in support of this argument is misplaced.

9

In Guidotti, the Third Circuit held that if "based on the face of a complaint, and documents relied upon in the complaint" it is apparent that the parties' claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a [Fed. R. Civ. P.]12(b)(6) [motion to dismiss] standard." Ibid. However, if the complaint is unclear as to whether there is an agreement to arbitrate, or if the plaintiff has responded with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery [under Rule 56] on the question of arbitrability." Ibid. (citation omitted). The dispositive issue was whether the arbitration clause was included in the initial package of documents emailed to the plaintiff. Id. at 780. The Third Circuit determined there was a genuine issue of material fact regarding whether the parties agreed to arbitrate. Ibid. Consequently, the court analyzed the dispute under the summary judgment standard and remanded to the district court for limited discovery on the specific challenge to the mutuality of assent to the arbitration agreement. Ibid.

Here, there was no genuine issue of material fact. Unlike the plaintiffs in Giudotti, plaintiffs are not arguing that they did not receive the arbitration clause. As noted, they argue the arbitration clause alone is unenforceable because it failed to put them on notice that they were waiving their right to a

10 A-1378-20

trial as required by <u>Atalese</u>. Plaintiffs correctly point out this is not a factual dispute warranting discovery but a matter of contract interpretation, an issue of law. Therefore, we reverse the trial judge's order with prejudice because the arbitration clause is unenforceable as a matter of law.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1378-20